UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH C. TRAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>V. FONSECA, et al.,<br><br>                    Defendants. | Case No.: 1:21-cv-00288-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR A FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Binh C. Tran is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.       BACKGROUND

When the parties indicated their wish to participate in an early settlement conference (*see* Docs. 24 & 29), this case was scheduled for a telephonic pre-settlement conference on February 4, 2026, and a settlement conference on February 12, 2026; both proceedings are to be heard before Magistrate Judge Sheila K. Oberto (*see* Doc. 30).

On December 12, 2025, the Court issued the related Order & Writ of Habeas Corpus ad Testificandum, directed to the ERO El Paso Camp East Montana facility in El Paso, Texas. (Docs. 32 & 33.)

On January 23, 2026, Defendants D. Lopez and V. Zepeda filed Defendants' Notice of Inability to Comply With Court Order. (Doc. 34.)

Following review of Defendants' notice, the undersigned will recommend this action be dismissed without prejudice.

## II.    DISCUSSION

### *Defendants' Notice (Doc. 34)*

In summary, Defendants report the following: (1) pursuant to the Court's October 27, 2025, order concerning the settlement conference and settlement conference procedures, Defendants awaited Plaintiff's informal demand due by December 29, 2025; (2) when Defendants did not receive Plaintiff's written itemization of damages and settlement demand, defense counsel "attempted to confirm that Plaintiff was located at the" address reflected on the Court's docket; (3) counsel consulted "ICE's Online Detainee Locator System," but her "search produced zero matching records;" and (4) on January 15, 2026, defense counsel was advised by Immigrations and Customs Enforcement personnel that "Plaintiff was no longer in ICE custody and had been removed from the United States on December 16, 2025."

### *Analysis*

Courts may dismiss lawsuits for lack of prosecution. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). In determining whether to dismiss a pro se plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440.

Here, Plaintiff was deported, presumably to his country of origin, more than 40 days ago. Within that period, Plaintiff has not advised the Court of an updated or current address. Further, defense counsel's efforts to communicate with Plaintiff following the Court's October 27, 2025, order setting a settlement conference and settlement conference procedures, were thorough but unsuccessful. Ultimately, defense counsel learned that Plaintiff was deported on December 16, 2025. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its

docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have appeared in the action (Doc. 21), recently indicated a willingness to participate in an early settlement conference (Doc. 29), and attempted to comply with the required settlement conference procedures, including engaging in informal settlement negotiations (Docs. 30 & 34). Although 40 days may not amount to an unreasonable delay in other circumstances, this action is at a standstill. Without a current address for Plaintiff, who is no longer in state or federal custody,[1] but has been removed from this country, further unreasonable delays are inevitable. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation and citation omitted). Here, Plaintiff cannot be located following deportation or removal to Vietnam in December 2025. It is Plaintiff's obligation to keep the parties and the Court apprised of his current address. *See* Local Rules 182(f), 183(b). Following removal and deportation, Plaintiff has not updated his address with the Court or otherwise communicated with the Court or Defendants. Where Plaintiff's last communication with the Court occurred on August 24, 2025 (Doc. 24) and the Court — rather than Plaintiff — updated Plaintiff's address to the address currently reflected on the docket (*see* Docket Entry No. 31 [12/12/25]), coupled with his deportation on December 16, 2025, Plaintiff will not be moving this case forward toward disposition on the merits. Simply put, where this Court has no way to contact Plaintiff, Plaintiff's failure to comply with the October 24, 2025,

---

[1] When Plaintiff filed this action on March 1, 2021, he was housed at the California Rehabilitation Center in Norco, California. (*See* Doc. 1.) On December 4, 2023, Plaintiff filed a Notice of Change of Address, reflecting he was then in federal custody at the "Central Arizona Florence Correctional Complex" in Florence, Arizona. (*See* Doc. 13.)

3

order and failure to comply with this Court's Local Rules requiring him to keep the Court apprised of his current address, it appears clear that Plaintiff will be unable to move this case toward disposition on its merits. Therefore, in these circumstances, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court considers the availability of less drastic sanctions. A district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives. *See, e.g.*, *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *see also Lopez-Rangel v. Copenhaver*, No. 14-cv-1175-DLB PC, 2016 WL 8730721, at *1, n.1 (E.D. Cal. Jan. 29, 2016) (noting the action "was [previously] dismissed without prejudice on December 9, 2015, after Plaintiff was released and deported, but failed to keep the Court apprised of his current address"). The Court has considered possible and meaningful alternatives in this case. Neither Defendants nor the Court have a way to locate or communicate with Plaintiff. Given Plaintiff's deportation more than 40 days ago, the Court's inability to locate and/or contact Plaintiff means that less drastic sanctions are simply unavailable.

Additionally, the Court notes dismissal for a failure to prosecute where a plaintiff has been deported is not exceptional. *See, e.g.*, *Flores v. Cuevas*, No. 1:24-cv-01412-KES-CDB, 2025 WL 535665, at *1 (E.D. Cal. Feb. 18, 2025) (adopting recommendation to dismiss action without prejudice for a failure to prosecute following section 1983 plaintiff's deportation to Mexico); *Clarke v. United States*, No. 19-CV-00328V(F), 2021 WL 431630, at *4 (W.D.N.Y. Jan. 5, 2021) (recommending dismissal of section 1983 plaintiff's action for failure to prosecute following deportation), adopted 2021 WL 428651 (W.D.N.Y. Feb. 8, 2021); *Bueno Diaz v. Mercurio*, No. 19 Civ. 1319 (AT), 2020 WL 3893271, at *3 (S.D.N.Y. July 9, 2020) (granting motion to dismiss for failure to prosecute and stating, "In light of Plaintiff's circumstances—including his pro se status, frequently changing custody, and deportation—dismissal without prejudice is warranted"); *Douglas v. Salotti*, No. 15-CV-636-A, 2020 WL 2525767, at *1 (W.D.N.Y. May 18, 2020)

(same); *Ibarra v. Henderson*, No. 14-cv-0395-MJR-SCW, 2015 WL 5162276, at *1 (S.D. Ill. Sept. 1, 2015) (adopting recommendation to grant motion to dismiss for want of prosecution following plaintiff's release from prison and deportation).

### III.    CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** this action be dismissed without prejudice for a failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **January 26, 2026**    _____

UNITED STATES MAGISTRATE JUDGE